TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorney
International Narcotics, Money
 Laundering, & Racketeering Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-8500
      Facsimile: (213) 894-0142
      Email:     gregg.marmaro@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: SUBPOENA | No. 2:21-MJ-04903 |
|---|---|
| | APPLICATION FOR FURTHER ORDER PURSUANT TO 18 U.S.C. § 2705(B) PRECLUDING NOTICE RE GRAND JURY SUBPOENA R # 21 00431 |
| | **(UNDER SEAL PURSUANT TO FED. R. CRIM. P. 6(E))** |

     The United States requests that the Court issue a further non-disclosure order commanding Microsoft, Corp. (the "Provider") not to notify any person (including the subscribers or customers of the account(s) listed in the pertinent subpoena) of the existence of the subpoena issued under number R # 21 00431 for an additional period of one year, unless authorized to do so by the Court or the United States Attorney's Office.

     The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote

computing service, as defined in 18 U.S.C. § 2711(2).  Pursuant to 18 U.S.C. § 2703, the United States previously obtained a grand jury subpoena, which required the Provider to disclose certain records and information to the United States.  The subpoena was accompanied by a non-disclosure order prohibiting the Provider from disclosing the existence of the legal process for one year from the date of the order.  The non-disclosure order was issued on October 20, 2020, and thus the previously ordered period for nondisclosure has expired. The government inadvertently failed to seek an order extending the nondisclosure period before the prior nondisclosure period expired.  On October 22, 2021, the Provider confirmed that, although the nondisclosure period has expired, it has not yet provided notice and will refrain from doing so pending this application for a further nondisclosure order.  The first non-disclosure order and subpoena are attached as Exhibit A to the proposed order filed concurrently herewith.  For the reasons set forth below, the government now seeks a further non-disclosure order related to the subpoena.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."  Id.  Such an order should be issued where the Court "determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in - (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with

evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." 18 U.S.C. § 2705(b).

The government requests that the Court issue a further non-disclosure order in conjunction with the subpoena for the following factual reasons, which are based on the information provided by Homeland Security Investigations Special Agent (SA) Matthew Farrell: On September 26, 2019, the government requested drug evidence from the Government of Australia that is in the process of being transferred to the United States.  The government requires additional time for indictment pending the receipt of this drug evidence.  This criminal investigation remains ongoing and neither public nor known to all of the targets of the investigation.

Accordingly, there is reason to believe that notification of the existence of the requested order and the original subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  See 18 U.S.C. § 2705(b)(2), (3), (5).

Finally, in this case, subscriber information was sought by means of a grand jury subpoena, and an order directing non-disclosure comports with the interests of maintaining the secrecy of the grand jury's investigation that led to the issuance of the subpoena.  A federal grand jury subpoena is only one of the ways by which subscriber information may be obtained pursuant to 18 U.S.C. § 2703(c)(2); others include an administrative subpoena, a trial subpoena, an order pursuant to 18 U.S.C. § 2703(d), a search warrant,

or with the consent of the subscriber.  18 U.S.C. § 2703(c)(1), (2).

While the Provider is not one of the parties automatically obligated

to maintain the secrecy of a grand jury proceeding, preventing the

Provider from disclosing the subpoena – and thus the fact of the

grand jury's investigation – is consistent with the principles that

protect the secrecy of grand jury's investigation and proceedings.

Fed. R. Crim. P. 6(e); <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441

U.S. 211, 218-19 (1979) (noting the secrecy of grand jury proceedings

is essential to the grand jury process, in that confidentiality:

(a) ensures that prospective witnesses will be able to testify freely

and fully; (b) eliminates the risk that targets will flee or attempt

to influence individual grand jurors; and (c) protects the privacy of

those who are targets of the investigation).

For the reasons stated above, the United States further requests

that the Court order that this application and any resulting order be

sealed until further order of the Court.

Dated: October 25, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 */s/ Gregg E. Marmaro*

                                 _____
                                 GREGG E. MARMARO
                                 Assistant United States Attorney

                                 Attorneys for Applicant
                                 UNITED STATES OF AMERIC

4

# EXHIBIT A

# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Lindsay M. Bailey*
*Phone: (213) 894-6875*
*E-mail: Lindsay.Bailey@usdoj.gov*

*1400 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

October 9, 2020

Microsoft Corporation
Online Services
Custodian of Records
One Microsoft Way
Redmond, WA 98052-6399

Re:   Confidential Federal Grand Jury Subpoena

Dear Sir or Madam:

The enclosed subpoena has been issued in connection with an official criminal investigation being conducted by the Homeland Security Investigations. The subpoena requires that a custodian of records from your business appear before the grand jury and produce the records described in the subpoena on the date and at the time specified on the subpoena.

As a convenience to you, you can produce the demanded documents by mail/email or in person to Special Agent Matthew Farrell, who will deliver the requested documents to the grand jury. If you would like to do so in order to avoid a personal appearance, you must: (a) deliver or mail/email the documents so that they are received in advance of the date specified on the subpoena; and (b) have an appropriate custodian of records from your business fill in the declaration enclosed with this letter. Unless you comply with both of those requirements, a custodian of records must appear in person to produce the documents. If you choose to send the records, please send them to the location listed on the attachment to the subpoena.

Please ensure that any electronically stored information complies with the production specifications in the attached document. Please do not deliver or mail any of the subpoenaed documents to the United States Attorney's Office.

Also attached to this subpoena is an order pursuant to 18 U.S.C. § 2705(b) which states that you shall not disclose the existence of the attached subpoena or this order to the listed subscribers or to any other person, unless and until otherwise authorized to do so by the Court, except that you may disclose the attached subpoena and this order to your attorney for the purpose of receiving legal advice. If at any point you believe that you are no longer bound by the nondisclosure order, please contact the Special Agent identified above before making any notification.

**If you have any questions regarding the subpoena, please direct all inquiries to the Special Agent identified above.**

Very truly yours,

*Lindsay M. Bailey*

Lindsay M. Bailey
Assistant United States Attorney

Enc.

AO 110 (Rev. 06/09)  Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT

for the

## CENTRAL DISTRICT OF CALIFORNIA

TO:  Microsoft Corporation
Online Services
Custodian of Records
One Microsoft Way
Redmond, WA 98052-6399

**SUBPOENA TO TESTIFY
BEFORE A GRAND JURY**

SUBPOENA FOR:
☐ **Person**          ☒ **Document(s) or Object(s)**

**YOU ARE COMMANDED** to appear in this United States District Court at the time, date, and place shown below to testify before the Court's Grand Jury.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| PLACE:<br>**312 NORTH SPRING STREET**<br>**LOS ANGELES, CALIFORNIA 90012** | COURTROOM:<br>**17th Floor** |
|---|---|
| | DATE AND TIME:<br>**October 30, 2020** at **9:00 AM** |

☒ You must also bring with you the following documents, electronically stored information, or objects:

See Attachment

| CLERK OF COURT:<br><br>*Kiry K. Gray*<br><br>By Kiry K. Gray, Clerk of Court | DATE:<br><br>October 9, 2020 |
|---|---|

This subpoena is issued on application
of the United States of America


NICOLA T. HANNA
United States Attorney

Lindsay M. Bailey *LMB*
Assistant United States Attorney
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6875      Call # R 21 00431

Special Agent: Matthew Farrell
Agency: Homeland Security Investigations
Telephone: (424) 283-2438
Matthew.R.Farrell@ice.dhs.gov

Note: This agent or another from that Agency will deliver the above-mentioned document(s) or object(s) to the Grand Jury should you desire to volunteer them to the Grand Jury in advance of the date indicated above.

## PROOF OF SERVICE[1]

| RECEIVED BY SERVER | DATE: | PLACE: |
|---|---|---|
| SERVED | DATE: | PLACE: |

SERVED ON (PRINT NAME):

SERVED BY (PRINT NAME & TITLE):

ADDITIONAL INFORMATION:

## DECLARATION OF SERVER[2]

I declare under penalty of perjury that this information is true.           Call# R 21 00431

Date: _____          _____
                                                                                 *Server's signature*

                                                                                 _____
                                                                                 *Printed name and title*

                                                                                 _____
                                                                                 *Server's address*

---

[1] As to who may serve a subpoena and the manner of its service, see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

[2] "Fees and Mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 U.S.C. § 1825, Rule 17(b) Federal Rules of Criminal Procedure)."

| ATTACHMENT TO GRAND JURY |
| --- |

Microsoft Corporation
Online Services
Custodian of Records
One Microsoft Way
Redmond, WA 98052-6399

Login and subscriber account information from January 1, 2020 to present for the following email address and any account acting as a primary or alternate contact for the subscriber, for services provided by Microsoft Corporation, such as customer or subscriber account information for any related accounts, including additional email addresses, phone numbers and/or domains registered to this user

vipsmashrepairs@outlook.com
cksmashrepairsau@outlook.com

including such customer or subscriber account information for any related accounts and for any and all time zones where the accounts were accessed. For each such account, the information shall consist of the following:

1. Name;
2. Address;
3. Records of session times and durations;
4. Length of service (including start date) and types of service utilized; utilized;
5. Telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address such as an Internet Protocol Address at the time of registration and at each transaction and including the source port or network address translation address; and
6. Billing records and means and source of payment for such service (including any credit card or bank account number or other similar number).

This subpoena does not request, and you should not provide, information that would disclose the content of any electronic communication as defined in Title 18, United States Code, Section 2510(8).

It is requested that the records be provided in an electronic format, preferably by email or disc.

Please direct all inquiries regarding this subpoena to:

Special Agent Matthew Farrell

Homeland Security Investigations
222 Pacific Coast Highway, STE 400
El Segundo, CA 90245
Tel: (424) 283-2438
Email: Matthew.R.Farrell@ice.dhs.gov

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
International Narcotics,
  Money Laundering & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6875
    Facsimile: (213) 894-0142
    Email:     lindsay.bailey@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: SUBPOENA | No. 2:20-MJ-05073 |
|---|---|
| | [PROPOSED] ORDER PURSUANT TO 18 U.S.C. § 2705(B) PRECLUDING NOTICE; GRAND JURY SUBPOENA #R 21 00431 |
| | **(UNDER SEAL)** |

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an order commanding Microsoft, Corp. (the "Provider"), a provider of electronic communication and/or remote computing services, not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena unless authorized to do so by the Court or the United States Attorney's Office.

The Court finds that, in addition to maintaining the secrecy of the grand jury's investigation, there is reason to believe that notification of the existence of the attached subpoena will seriously

1   jeopardize the investigation, including by giving targets an

2   opportunity to flee or continue flight from prosecution, destroy or

3   tamper with evidence, change patterns of behavior, or notify

4   confederates.  See 18 U.S.C. §§ 2705(b)(2), (3), (5).

5       IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that the

6   Provider shall not disclose the existence of the attached subpoena or

7   this order to the listed subscribers or to any other person unless

8   authorized to do so in writing by the Court or the United States

9   Attorney's Office, or until one year from the date of this Order or

10  such later date as may be set by the Court upon application for an

11  extension by the United States.  Notwithstanding the prior sentence,

12  the Provider is authorized to disclose the attached subpoena and this

13  order to an attorney for the Provider for the purpose of receiving

14  legal advice.  Upon expiration of this order, at least ten business

15  days prior to disclosing the existence of the subpoena, the Provider

16  shall notify the agent identified below of its intent to so

17  disclose:

18          Special Agent Matthew Farrell
            Homeland Security Investigations
19          222 Pacific Coast Highway, STE 400,
            El Segundo, CA 90245
20          Telephone: 424-283-2438
            Email: matthew.r.farrell@ice.dhs.gov
21

22      IT IS FURTHER ORDERED that the government's application and this

23  order are sealed until otherwise ordered by the Court.

24      IT IS SO ORDERED.

25
     ___10/20/20_____        _____/S/ CHARLES F. EICK_____
26   DATE                                  UNITED STATES MAGISTRATE JUDGE

27

28

                                    2

Presented by:

LINDSAY M. BAILEY
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

for the

## CENTRAL DISTRICT OF CALIFORNIA

TO: Microsoft Corporation
Online Services
Custodian of Records
One Microsoft Way
Redmond, WA 98052-6399

### SUBPOENA TO TESTIFY
### BEFORE A GRAND JURY

SUBPOENA FOR:
☐ **Person**          ☒ **Document(s) or Object(s)**

**YOU ARE COMMANDED** to appear in this United States District Court at the time, date, and place shown below to testify before the Court's Grand Jury.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| PLACE:<br>**312 NORTH SPRING STREET**<br>**LOS ANGELES, CALIFORNIA 90012** | COURTROOM:<br>**17th Floor** |
| --- | --- |
| | DATE AND TIME:<br>**October 30, 2020** at **9:00 AM** |

☒ You must also bring with you the following documents, electronically stored information, or objects:

See Attachment

| CLERK OF COURT:<br><br>*Kiry K. Gray*<br><br>By Kiry K. Gray, Clerk of Court | DATE:<br><br>October 9, 2020 |
| --- | --- |

This subpoena is issued on application of the United States of America

NICOLA T. HANNA
United States Attorney

Lindsay M. Bailey *LMB*
Assistant United States Attorney
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6875          Call # R 21 00431

Special Agent: Matthew Farrell
Agency: Homeland Security Investigations
Telephone: (424) 283-2438
Matthew.R.Farrell@ice.dhs.gov

Note: This agent or another from that Agency will deliver the above-mentioned document(s) or object(s) to the Grand Jury should you desire to volunteer them to the Grand Jury in advance of the date indicated above.

## PROOF OF SERVICE[1]

| RECEIVED BY SERVER | DATE: | PLACE: |
|---|---|---|
| SERVED | DATE: | PLACE: |

SERVED ON (PRINT NAME):

SERVED BY (PRINT NAME & TITLE):

ADDITIONAL INFORMATION:

## DECLARATION OF SERVER[2]

I declare under penalty of perjury that this information is true.          Call# R 21 00431

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

---

[1] As to who may serve a subpoena and the manner of its service, see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

[2] "Fees and Mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 U.S.C. § 1825, Rule 17(b) Federal Rules of Criminal Procedure)."

## ATTACHMENT TO GRAND JURY

Microsoft Corporation
Online Services
Custodian of Records
One Microsoft Way
Redmond, WA 98052-6399

Login and subscriber account information from January 1, 2020 to present for the following email address and any account acting as a primary or alternate contact for the subscriber, for services provided by Microsoft Corporation, such as customer or subscriber account information for any related accounts, including additional email addresses, phone numbers and/or domains registered to this user

vipsmashrepairs@outlook.com
cksmashrepairsau@outlook.com

including such customer or subscriber account information for any related accounts and for any and all time zones where the accounts were accessed. For each such account, the information shall consist of the following:

1. Name;
2. Address;
3. Records of session times and durations;
4. Length of service (including start date) and types of service utilized; utilized;
5. Telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address such as an Internet Protocol Address at the time of registration and at each transaction and including the source port or network address translation address; and
6. Billing records and means and source of payment for such service (including any credit card or bank account number or other similar number).

This subpoena does not request, and you should not provide, information that would disclose the content of any electronic communication as defined in Title 18, United States Code, Section 2510(8).

It is requested that the records be provided in an electronic format, preferably by email or disc.

Please direct all inquiries regarding this subpoena to:

Special Agent Matthew Farrell

Homeland Security Investigations
222 Pacific Coast Highway, STE 400
El Segundo, CA 90245
Tel: (424) 283-2438
Email: Matthew.R.Farrell@ice.dhs.gov

**U.S. Department of Justice**
Washington, D.C. 20530

Request for Communications Content, Records or Other Information Under the Electronic
Communications Privacy Act (ECPA). (Authorization, Purchase Order and Receiving Report)

This form shall be used when requesting communications content, records, or other information from electronic communications or remote computing service providers under the ECPA.

| 1 Tracking Number: | 2 Date Order Prepared: | 3 USAO Number: |
| --- | --- | --- |

## Section A - Authorization and Purchase Order

| 4 Name and Address of Service Provider: | Funding Certification &<br>Authorization: | A.(See OBD-38) |
| --- | --- | --- |
| | | Budget Official Signature    Funding Available    Date |
| | | B.(See OBD-38) |
| | | Approving Official Signature                  Date |

| 5 Deliver Records To: | Send Completed USA-212 Form & Invoice To:<br><br>U.S. Attorney's Office<br>300 N. Los Angeles St., #3003<br>Los Angeles, CA  90012 | 6 Return Date: |
| --- | --- | --- |

7 Remarks:  Do not proceed with compliance if the total cost will exceed  $250  without prior approval. To obtain approval, call the requestor listed in Item 8.

If invoicing for these services is expected to exceed 120 days, please notify the United States Attorney's Office immediately to ensure funds remain available for payment.  Please see the attached Important Notice for additional information on invoicing and other requirements for reimbursement.

| 8 Name of Requestor: | 9 Telephone Number: | 10 Date of request: |
| --- | --- | --- |

## Section B - ECPA Service Provider Invoice

No Payment Shall Be Made Unless Expenses Are Itemized Below Or Set Forth On Your Attached Invoice.

| 11A Invoice Number: | | Quantity | Unit Price | | Amount |
| --- | --- | --- | --- | --- | --- |
| | | | Cost | Per | |
| 11B Tax ID Number: | | | | | |

11C  Service(s)/Records Provided:

The costs above (or on the attached invoice) represent direct costs and have been incurred in searching for, assembling, reproducing or otherwise providing the requested information.

| 12 Signature of Service Provider Representative: | 13 Date Signed: | Total Amount Claimed<br>By Service Provider |
| --- | --- | --- |

## Section C - Receiving Report

| 14 I certify that the articles and services listed were received: | 15 Date Received: | 16 Disallowance<br>(See Attached) |
| --- | --- | --- |
| | | 17 Net to<br>Service<br>Provider |

18 Electronic Communications Privacy Act - Public Law 99-508
     (18 U.S.C. 2701-2712) Request Pursuant To:  *(Only One Section at Left Should Be Checked)*

| SECTION | | OBJECT CLASS |
| --- | --- | --- |
| ☐ 2702 | Voluntary Disclosure | 2570 |
| ☐ 2703 | Compelled Disclosure | 2570 |
| | ☐  Search Warrant | 2570 |
| | ☐  Grand Jury Subpoena | 2570 |
| | ☐  Court Order | 2570 |
| | ☐  Administrative or Judicial Subpoena | 2570 |
| ☐ 2704 | Request for Information Following Preservation | 2570 |

19 Signature of Approving Official:        Date:

20 Funding Source _____

Accounting Code:

Program _____

21 Other Accounting/Fund Information:
Program Code:            Project Code:
YREGDOC:
Call Number (if applicable):
OBL Month (YRMO):
Tax ID Number:

22 Remarks:

The costs above (or on the attached invoice) appear to be reasonably necessary and to have been directly incurred in searching for, assembling, reproducing or otherwise providing requested information.

_____
Signature of United States Attorney's Office Representative        Date

FORM USA-212
FEB. 2014

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of

perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the

information contained in this certification is true and correct.

1.     I am employed by _____ ("the

Provider"), my title is _____, and I have been

employed in this capacity since approximately _____ and by

the Provider since approximately _____.  I am qualified to

authenticate the records attached hereto because I am familiar with how the records were created,

managed, stored, and retrieved based upon (check all that apply):

[   ] Training.

[   ] Familiarity with relevant policy/policies.

[   ] Hands-on experience.

[   ] Supervision of one or more others with hands-on experience.

[   ] Other.  Describe:


2.     I state and certify that the records attached hereto, enclosed herewith, or made

accessible by URL or online portal ("the Records"), are true duplicates of the original records in

the custody of the Provider.  The Records are responsive to the legal process which process is

either attached hereto, enclosed herewith, or assigned the Provider's internal reference number

_____.

3.      I further state and certify that the Records:

a.      were made at or near the time of the occurrence of the matters set forth therein;

b.      were made by, or from information transmitted by, a person with knowledge of those matters;

c.      were kept in the course of the regularly conducted activity of the Provider;

d.      were made by and in the course of the regularly conducted activity as a regular practice; and

e.      were generated by the Provider's electronic process or system that produces an accurate result, to wit:

1.      the Records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the Provider in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by the Provider, and at all times pertinent to the Records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.


_____      _____
Date                                  Signature

## Specifications for Production of ESI and Digitized Images

This document describes the technical requirements for the collection and production of paper and electronically stored information ("ESI"). Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.   **Specification Modifications**
     Any modifications or deviations from these Specifications may be done only with the express permission of the subpoena issuer. Any responsive data or documents that exist in locations or native forms not discussed in these Specifications remain responsive and, therefore, arrangements should be made with the subpoena issuer to facilitate their production.

2.   **Production Format of ESI and Imaged Hard Copy**
     Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9-19, shall be rendered to type TIFF image format and accompanied by a document review platform cross reference file as set forth in section 2(b) below. All applicable metadata (see section 3 below) shall be extracted and provided in a standard document review platform load file format as set forth in section 2(c) below.

     a.   **Image File Format**: All images, paper documents scanned to images, or rendered ESI shall be produced as fully searchable 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
          - All TIFF file names shall include the unique Bates number burned into the image.
          - Each Bates number shall be a standard length of eight or more digits, include leading zeros in the number, and be unique for each produced page.
          - All TIFF image files shall be stored with the "*.TIF" extension.
          - Images shall be OCRed using a standard COTS products.
          - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
          - No image folder shall contain more than 10,000 images.
          - The entire file path, including the complete file name, shall not exceed 175 characters.

     b.   **Document Review Platform Cross Reference file**: Images should be accompanied by an Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page. Image Cross Reference Sample Format:

          IM,ABC00000001,D,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0
          IM,ABC00000001,D,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0
          IM,ABC00000001,C,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0
          IM,ABC00000001, ,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0
          IM,ABC00000001, ,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0
          IM,ABC00000001,D,0,@VOL_001:IMAGES\00\001: ABC00000001.tif:2,0

     c.   **Document Review Platform Load File**: Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

          - ASCII text delimited load files are defined using the following delimiters:

            | | | |
            |---|---|---|
            | *Field Separator* | ¶ | *or Code 020* |
            | *Text Qualifier* | þ | *or Code 254* |
            | *Substitute Carriage Return or New Line* | ® | *or Code174* |

          - The text file should also contain hyperlinks to applicable native files, such as Excel, PowerPoint, audio, or video files.
          - There should be one line for every record in a collection.
          - The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

þBEGDOCþþENDDOCþþDOCIDþþDOCDATEþþFILENAMEþþTITLEþ

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the *.TXT extension.
- Text files shall not be provided in the same folder as the TIFF images.

3.     Required Metadata/Database Fields

The metadata of ESI should be extracted and provided in a *.DAT file using the field definitions and formatting described below:

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-e-mail or hard copy documents, including but not limited to data discussed in sections 6-9 and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) [Format: Last, First or ABC Dept.] | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates number or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi-Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates of last attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| PROPERTIES | Privilege notations (e.g., Redacted, Document Withheld Based on Privilege) | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author [Format: Last name, First name] | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent [Format: YYYY/MM/DD] | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g., Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g., *.DOCX; *.XLS) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g., Inbox\Active) or Hard Copy container information (e.g., Folder or binder name) | Full Text | Unlimited | ✓ | ✓ | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | E-mail header.  Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an e-mail | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4.   **De-duplication, Near-Duplicate Identification, E-mail Conversation Threading, and Other Culling Procedures**
De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document.  The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

(i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the subpoena issuer.  All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the subpoena issuer as additional metadata fields.

5.   **Hidden Text**
All hidden text (e.g., track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.  For files that cannot be expanded the native files shall be produced with the image file.

6.   **Embedded Files**
All non-graphic embedded objects (e.g., Word documents, Excel spreadsheets, *.WAV files) that are found within a file shall be extracted and produced.  For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7.   **Image-Only Files**
All image-only files (i.e., non-searchable PDFs, multi-page TIFFs, Snipping Tool and other screenshots, as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8.   **Hard Copy Records**
a.   All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle (e.g., staples, paper clips, rubber bands, folders, or tabs in a binder).  The first document in the collection represents the parent document and all other documents represent the children.

b.   All documents shall be produced in black and white TIFF format unless the image requires color.  An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

c.   All objective coding (e.g., document date or document author) should be discussed and produced to the subpoena issuer as additional metadata/database fields.

9.   **Production of Spreadsheets and Presentation Files**
All spreadsheet and presentation files (e.g., Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format).  See section 18 below.  The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10.   **Production of E-mail Repositories**
E-mail repositories, also known as e-mail databases (e.g., Outlook *.PST, Lotus *.NSF), can contain a variety of items, including: messages, calendars, contacts, tasks.  For purposes of production, responsive items shall include the "E-mail" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to e-mail or other items) with the parent/child relationship preserved.  E-mail databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the subpoena issuer about the format for the production of such databases.

11.   **Production of Items Originally Generated in E-Mail Repositories But Found and Collected Outside of E-mail Repositories, i.e., "Stand-alone" Items**
Any parent e-mail or other parent items (e.g., calendar, contacts, tasks, notes) found and collected outside of e-mail repositories (e.g., items having extensions like *.MSG, *.HTM, *.MHT), shall be produced items with the "E-mail" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g., GoTo Meeting, WebEx), and related/similar technologies.  However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the subpoena issuer about the format for the production of such data.

13. **Social Media**
Prior to any production of responsive data from social media (e.g., Twitter, Facebook, Google+, LinkedIn)the producing party shall first discuss with the subpoena issuer the potential export formats before collecting the information.

14. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be provided in native Excel (*.XLS) format.

15. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be produced in native Excel (*.XLS) format.

16. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page JPEG files with a resolution equivalent to the original image as it was captured/created.  All JPEG files shall have extracted metadata/database fields provided in a standard document review platform load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images.  The report shall include the electronic Bates, Document ID or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Non-Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, UNIX machines), the ESI shall be produced after discussion with and written consent of the subpoena issuer about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files as called for in these Specifications shall have extracted metadata/database fields provided in the standard document review platform load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

ESI shall be produced in a manner which is functionally useable by the subpoena issuer.    The following are examples:

- AutoCAD data (e.g., *.DWG, *.DXF) shall be processed/converted and produced as single-page *.JPG image files and accompanied by a standard document review platform formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
- GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
- Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

20. **Bates Number Convention**

All images should be assigned Bates numbers before production to the subpoena issuer. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single Bates number for the entire file. The Bates number shall not exceed 30 characters in length and include an 8-digit number that includes leading zeros. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the subpoena issuer agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. However, it is highly recommended that an underscore be used between any prefix and the digits of a Bates number. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

| | |
|---|---|
| PREFIX_00000001 | PREFIX_00000003 |
| PREFIX_00000001.001 | PREFIX_00000003.001 |
| PREFIX_00000001.002 | PREFIX_00000003.002 |

21. **Media Formats for Storage and Delivery of Production Data**

Electronic documents and data shall be delivered on any of the following media:

a. CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
b. External hard drives (USB 2.0 (or better) or eSATA, formatted to NTFS format specifications) or flash drives.
c. Storage media used to deliver ESI shall be appropriate to the size of the data in the production.
d. Media should be labeled with the case name, production date, Bates range, and producing party.

22. **Virus Protection and Security for Delivery of Production Data**

Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the subpoena issuer. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the prior written consent of the subpoena issuer.

23. **Compliance and Adherence to Generally Accepted Technical Standards**

Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. subpoena issuer or professional organizations.

24. **ReadMe Text File**

All deliverables shall include a readme text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The readme file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25. **Exception Log**

An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document ID or control numbering) assigned during the collection, processing and production phases.

Rev. 09/2015